IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK M. HILLIARD,  :
      Petitioner  :
        :
   v.  :  CIVIL NO. 3:CV-12-1998
        :
DEPARTMENT OF CORRECTIONS,  :  (Judge Conaboy)
ET AL.,  :
      Respondents  :

**FILED SCRANTON**
**JUN 20 2013**
PER _____ DEPUTY CLERK

## MEMORANDUM
### Background

Frederick M. Hilliard, a prisoner presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon), filed this pro se petition for writ of habeas corpus. Named as Respondents are the Pennsylvania Department of Corrections (DOC); DOC Secretary John Wetzel; SCI-Huntingdon Superintendent Tabb Bickell, and the Pennsylvania State Attorney General.[1] Service of the petition was previously ordered.

Petitioner states that he was convicted of multiple counts of rape (4 counts); burglary (4 counts); and robbery (2 counts) following a jury trial in the Cumberland County Court of Common Pleas. On September 12, 1978, Hilliard was sentenced to an

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242. Accordingly, Warden Bickell will be deemed sole Respondent.

1

aggregate 35 to 90 year term of confinement.[2] In his present action Petitioner challenges the computation of his sentence by Respondent. He asserts that the DOC's records office illegally aggregated and altered his sentences in violation of the Ex Post Facto Clause[3] as well as the Fifth, Eighth, and Fourteenth Amendments. See Doc. 1, p. 18.

Petitioner notes that this claim was included in a petition for writ of mandamus which was denied by the Pennsylvania Commonwealth Court on June 24, 2011. An appeal from that decision was denied by the Pennsylvania Supreme Court on August 20, 2011. Thereafter, Petitioner's request for rehearing was denied on September 7, 2012. This matter is ripe for consideration.

## Discussion

Respondents seek dismissal on the petition on the grounds

---

[2] A review of the judgment of sentence accompanying the Petition provides that Petitioner received consecutive terms of 7 ½ to 20 years on each of the four rape convictions, a term of 30 to 80 years as well as a 5-10 year consecutive robbery sentence, an aggregate total of 35 to 90 years. See Doc. 1, p. 3.

[3] A new law or policy violates the Ex Post Facto Clause when it is applied to events which occurred prior to its enactment and disadvantages the offender affected by it. Weaver v. Graham, 450 U.S. 24, 29 (1981). "One function of the Ex Post Facto Clause is to bar enactments, which by retroactive operation increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000). This is simply not a case where there was an increase in Petitioner's sentence occurred due to a change in the law.

that (1) it should be dismissed as a second or successive petition; (2) it is untimely; and (3) Petitioner's claims are meritless. It is noted that Respondents acknowledge that DOC staff "mistakenly" recalculated Petitioner's sentence on March 23, 2001 as being a term of 27 ½ to 70 years.[4] Doc. 11, p. 5. However, they note that this erroneous calculation was corrected by the DOC in 2010.

Respondents initially argue that since Petitioner previously filed two (2) unsuccessful habeas corpus petitions with this Court, his latest filing should be dismissed without prejudice as a second or successive petition. See Doc. 11, p. 2.

28 U.S.C. § 2244(a) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive § 2254 habeas corpus petitions may be reviewed by federal district courts. Rule 9 of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)and (4).

---

[4] The DOC's initial sentence calculation that Hilliard serve 35-90 years was in place for 23 years. The 2010 recalculation reinstated the initial calculation of a 35 to 90 year sentence.

3

The Supreme Court in <u>McCleskey vs. Zant</u>, 499 U.S. 467, 483 (1991) expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

<u>McCleskey</u>, 499 U.S. at 489.

Following 1996 amendments, Section 2244 now provides in relevant part:

(a)  No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United states if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(B)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-

(A)  the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or

4

> (B) (i) the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court. The applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

It is clear that the Petitioner filed two (2) prior habeas corpus actions with this Court regarding the same conviction and sentence underlying the present action. See Hilliard v. Fulcomer, Civil No. 3:89-CV-1066 (Conaboy, J.) and Hilliard v. Frank, Civil No. 3:98-CV-657 (Conaboy, J.).

A comparison of those previously denied federal habeas petitions establishes that they also stemmed from Petitioner's 1978 conviction and sentencing. Unlike his prior filings, Petitioner's current matter does not include a challenge to the legality of his 1978 conviction. Rather, his pending action raises arguments regarding an alleged improper aggregation of his criminal sentences. There is no indication that said

5

argument was previously asserted before this Court. Hilliard has also not presented any substantive argument as to why his earlier petitions failed to include his present aggregation of sentences claim.

Petitioner was undisputably aware that an aggregate sentence of 35-90 years had been imposed prior to previously seeking federal habeas corpus relief from this Court.[5] Despite that knowledge, neither of his prior habeas petitions challenged the computation or imposition of his aggregated sentence. The pending Petition fails to show that Hilliard's instant claims fall within the statutory exceptions outlined above. There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit. Consequently, under the standards announced in McCleskey and the requirements set forth in § 2244(a), Hilliard's pending case is a second or successive petition which cannot be entertained by this Court.

Assuming arguendo, that the second or successive requirement should not be applied in this case because Petitioner is challenging a 2010 DOC sentence calculation and thus, the factual predicate for this claim was not known before

---

[5] In fact, Hilliard's 1989 federal habeas petition clearly acknowledged that he had been sentenced to an aggregate 35-90 year term of imprisonment. See Doc. 12, p. 68.

6

the filing of Petitioner's 1989 and 1998 federal habeas petitions,[6] this Court also agrees with Respondents' alternative argument that a viable claim has not been stated.

The gist of Petitioner's pending action is that he was not sentenced to a 35 to 90 year term of imprisonment. Rather, as stated by a 2001 DOC recalculation of his sentence, he should be serving a 27 ½ to 70 year term.

As previously discussed, in his 1989 action, Hilliard clearly acknowledged that he was sentenced to a 35-90 year term of imprisonment. See Doc. 12, p. 68. It is also undisputed that the DOC's initial sentence calculation which was in place for approximately 23 years as well as the DOC's most recent 2010 calculation which has been in place for approximately the past 3 years both concluded that Petitioner is serving a 35 to 90 year term.

The sentencing order of the Cumberland County Court of Common Pleas which was filed by Hilliard along with his pending petition clearly shows that a 35 to 90 year sentence was imposed. Finally, although a 2001 sentencing calculation may have mistakenly concluded that a 35 to 90 year sentence was not

---

[6] Admittedly, this would amount to a most liberal construction since the record reveals that the time of the 1989 and 1998 petitions, the initial aggregate 35-90 year sentence calculation which was reinstated by the 2010 recalculation, was in effect.

imposed, it was certainly acceptable and not a violation of the prohibition against double jeopardy[7] for the DOC to correct its error. See Forbes v. DiGuglielmo, 2011 WL 7447152 *5 (E.D. Pa. Jan. 31, 2011)(DOC sentence recalcution was appropriate because it has a "mandatory duty" to aggregate consecutive sentences imposed under Pennsylvania state law). Based upon those considerations, there is simply no basis for federal habeas corpus relief.[8]

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 20th, 2013

---

[7] The Double Jeopardy Clause of the Fifth Amendment provides, "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." The Clause serves the function of preventing both "successive punishments and successive prosecutions." United States v. Usery, 111 S.Ct. 2135, 2139 (1996). It "prohibits the government from punishing twice or attempting a second time to punish criminally for the same offense." Id. at 2139-40, see also United States v. Rice, 109 F.3d 151, 153 (3d Cir. 1997). The Double Jeopardy Clause is applicable to the States through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784 (1969).
   The purpose of the Double Jeopardy Clause is to prevent a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction or multiple prosecutions for the same offense. United States v. $ 184,505.01 in U.S. Currency, 72 F.3d 1160, 1165 (3d Cir. 1995). The requirement that the DOC corrected its own miscalculation so that it complied with original sentence imposed does not constitute multiple prosecutions for the same offense in violation of the Double Jeopardy Clause.

[8] Respondent also raise an argument that the petition should be considered untimely. See Doc. 11, p. 4. Although this argument also appears to be meritorious, in light of the determinations made herein, discussion of the untimeliness argument is not required.

8